IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WISE D. ALLEN | : | Civil Action No. RDB-07-3337 |
| Plaintiff | : | |
| v. | : | |
| BURCH & BURCH-RATES, LLC., et al. | : | |
| | : | |
| Defendants | | |
| | : | |

ooo0ooo

## **MEMORANDUM OPINION**

Before the Court is a complaint filed by Wise David Allen,[1] raising "constitutional, antitrust, Maryland statutory, and tort claims" against eight defendants -- Burch & Burch-Rates-LLC,[2] Jonathan Melnick, Real Estate Company, Sheriff Ramsey, LLC, described as an "unknown dummy corp.," Monique Allen,[3] Larry Burch, Tobie Burch-Rates, Nicolas Phucas, Amir Ibrahim, and Dwain Alexander, II.  Plaintiff requests ten million dollars damages against Defendants, severally and jointly. Additionally, he requests Defendants' incarceration.  Plaintiff also has filed for leave to proceed in

---

[1] The Court shall direct the Clerk to amend the docket to show Plaintiff's name as "Wise D. Allen," not "Allen D. Wise."  Plaintiff's past litigation reveals that he is an attorney, currently licensed to practice in California, and has in the recent past served as a Naval Reserve Lieutenant in the Judge Advocate General Corps.  *See Allen v. Dorsey*, Civil Action No. PJM-06-1700 (D. Md.); *Allen v. Bally, Civil Action* No. ESH-01-2107 (D. D.C.).

[2] Plaintiff later references this Defendant as, "Alias, U.S. Attorney." Complaint, p. Federal Rule of Civil Procedure 12(b)(1),

[3] Monique Allen is Plaintiff's former wife.  *See Allen v. Simmons*, Civil Action No. AW-03-2244 (D. Md).

forma pauperis.[4]  Upon review of the pleadings and applicable law, the Court will deny the Motion to Proceed in Forma Pauperis, and dismiss the Complaint without prejudice.[5]

The Complaint is difficult to interpret. Plaintiff does not specify under which federal statutes or rules of constitutional law he bases his cause of action. Plaintiff generally claims that Defendants conspired to "set the price of residential home[s] beneath competitive lending levels" and "eliminated competition from purchasers and sellers of national and local residential mortgage loan[s], limited and prevented a class of purchasers from participating in the purchase of the home, restricted a class of financial lenders to sell and purchase residential mortgages, and controlled the classes of purchasers able to purchase the residential homes."  As a result, Plaintiff claims that a class of residential mortgage lenders and purchasers were eliminated from participating in the purchase of residential homes in Maryland owned by him. Complaint, pp. 5-6.

**JURISDICTION**

The jurisdiction of the federal courts is limited.  Federal jurisdiction is available only when a federal question is presented or the parties are of diverse citizenship.  *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332.  The Court on its own, at any stage of a proceeding, may raise the question of subject matter jurisdiction.  *See* Federal Rule of Civil Procedure 12(b)(1); *see also Cook v. Georgetown Steel Corp.*, 770 F.2d 1272, 1274 (4th Cir. 1985).  Rule 12(b)(1) of the Federal Rules of Civil Procedure requires dismissal of complaints *sua sponte* where subject matter jurisdiction is

---

[4] Plaintiff's financial affidavit shows that he grosses $ 3,439.75 monthly before accounting for his "properties."  Additionally, he owns a car, has approximately $ 1,690 in cash, holds bonds, and maintains an investment retirement account.

[5] Plaintiff presented similar allegations against Defendants Jonathan Melnick, Larry Burch-Rates, Sheriff Ramsay, Tobie Burch-Rates, Nicholas Phucas, and Monique Allen in *Allen v. Melnick*, Civil action No. AMD-06-3390 (D. Md).  The Court dismissed the case for failure to state a claim.

lacking. *See* Fed. R. Civ. P. 12 (b)(1).

The Complaint fails to state a viable antitrust claim against defendants. The Complaint merely alleges the existence of a conspiracy, and is devoid of factual support for the allegations raised. *See Heart Disease Research Foundation v. General Motors Corporation*, 463 F. 2d 98, 100 (2d Cir. 1972) ("a bare bones statement of conspiracy ... under the antitrust laws without any supporting facts supports dismissal."). Plaintiff does not identify any constitutional predicate for bringing this action.

To the extent Plaintiff bases jurisdiction on diversity of citizenship of the parties, the parties must be completely diverse: "none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. V. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). Plaintiff describes himself as domiciled in Maryland and the majority of Defendants are Maryland residents. Consequently, the diversity statute is not satisfied, and the Court may not exercise diversity jurisdiction. *See* 28 U.S.C. §1332.

## CONCLUSION

The Court lacks subject matter jurisdiction over this matter. Accordingly, the Court will dismiss the Complaint without prejudice by separate Order.


December 20, 2007                              /s/
Date                                                   RICHARD D. BENNETT
                                                       UNITED STATES DISTRICT JUDGE